UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT WILLIAM THOMAS,<br><br>            Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF CORRECTIONS ET. AL.,<br><br>            Defendants. | Case No. C17-5417-BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for: **October 19, 2018** |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge Theresa Fricke. Plaintiff Scott William Thomas, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action. Before the Court is defendants' Department of Corrections ("DOC"), Brian Bowers' and Robert Monger's Motion to Dismiss (Dkt. 19). For the reasons discussed below, the Court recommends defendants' Motion to Dismiss (Dkt. 19) be granted and the claims against defendants Bowers and Monger be dismissed without prejudice. In addition, the Court recommends plaintiff's claims against defendant DOC be dismissed with prejudice. The other named defendants shall remain in the case at this point.[1]

## BACKGROUND

Plaintiff filed his original complaint in July 2017. Dkt. 6. The Court issued an order declining to serve the complaint and providing plaintiff an opportunity to amend. Dkt. 7. In that

---

[1] The Court notes that defendants Edwards, Haynes, McHaffie, McKenney, and Watson have filed an answer and have moved separately for summary judgment. Dkt. 21. That motion will be decided by separate order.

REPORT AND RECOMMENDATION - 1

1  order, the Court noted that the DOC was not a proper defendant and that plaintiff must name
2  specific individuals as defendants and must allege in more specific terms who harmed him and
3  how that harm violated a specific constitutional right. *Id.* Plaintiff filed an amended complaint
4  naming DOC and several other individual defendants including defendants Bowers and Monger.
5  Dkt. 8. Plaintiff alleges the defendants violated his Eighth Amendment rights by depriving him
6  of sufficient food at CBCC. *Id.*

7  In support of their Motion to Dismiss, defendants DOC, Bowers and Monger argue that
8  the DOC is not an appropriate defendant in this case, and that plaintiff neglected to describe the
9  actions of defendants Bowers and Monger in his amended complaint. Dkt. 19. Plaintiff did not
10 file a response to the Motion to Dismiss.

**STANDARD OF REVIEW**

12 A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be
13 granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right
14 to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).
15 Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a
16 cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir.
17 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of
18 sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.*, 901
19 F.2d 696, 699 (9th Cir. 1990).

20 While the Court must accept all the allegations contained in a complaint as true, the Court
21 does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare
22 recitals of the elements of a cause of action, supported by mere conclusory statements, do not
23 suffice." *Id.*; *see also Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir.

1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

## DISCUSSION

### I. Improper Defendants

Plaintiff names the DOC as a defendant in this action. However, 42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. An agency that is an arm of the state, such as the DOC, is not a "person" for purposes of § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). Therefore, because plaintiff cannot state a claim for which relief can be granted against the DOC, the Court recommends granting defendants' motion and dismissing the DOC with prejudice.

### II. Personal Participation

Plaintiff fails to allege facts establishing personal participation in the alleged constitutional violation by defendants Bowers and Monger. To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based

1 on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's

2 civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

3       Here, plaintiff has named defendants Bowers and Monger in his amended complaint, but

4 fails to offer any factual allegations indicating that they personally participated in any way in the

5 alleged constitutional violation. Plaintiff states only that the failure of defendants Bowers and

6 Monger "to act on [their] knowledge of serious risk of food deprivation to plaintiff violated my

7 eight amendment right to be free from deliberate indifference to my safety and health." Dkt. 8, at

8 4-5. However, plaintiff fails to offer any facts demonstrating that Bowers and Monger were

9 aware of any alleged serious risk to plaintiff or indicating that they otherwise personally

10 participated in the alleged constitutional violation. Plaintiff's conclusory assertions of liability

11 are insufficient to state a claim against these defendants. Further, because plaintiff did not

12 respond to defendants' Motion to Dismiss and elaborate on the actions of defendants Bowers and

13 Monger, the Court is unable to determine whether amendment could remedy this deficiency.

14 Therefore, the Court recommends granting defendants' Motion to Dismiss (Dkt. 19) as to

15 defendants Bowers and Monger and dismissing them without prejudice.

## CONCLUSION

17       For the foregoing reasons, the Court recommends defendants' Motion to Dismiss (Dkt.

18 19) be **GRANTED**. Defendant DOC should be dismissed with prejudice and plaintiff's claims

19 against defendants Bowers and Monger should be dismissed without prejudice.

20       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

21 Procedure, the parties shall have fourteen (14) days from service of this Report to file written

22 objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

23 objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time

24

25

REPORT AND RECOMMENDATION - 4

limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 19, 2018**, as noted in the caption.

Dated this 2nd day of October, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5