1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT WILLIAMS THOMAS,

                              Plaintiff,

        v.

DEPARTMENT OF CORRECTIONS, et
al,

                              Defendants.

Case No. 3:17-cv-05417-BHS-TLF

REPORT AND
RECOMMENDATION

Noted for January 25, 2019

13        This matter has been referred to the undersigned Magistrate Judge, *Mathews, Sec'y of*

14   *H.E.W. v. Weber*, 423 U.S. 261 (1976), 28 U.S.C. § 636(b)(1)(B), Local Rule MJR 4(a)(4).

15   Before the Court is defendants' motion for summary judgment.[1] Dkt. 21.

16        Plaintiff has filed an amended civil rights complaint under 42 U.S.C. § 1983, alleging

17   defendants deprived him of sufficient food in deliberate indifference to his health and safety.

18   Dkt. 8, Complaint, pp. 8-10. Plaintiff also claims defendants negligently failed to protect him

19   from harm. *Id.* at p. 11. Plaintiff seeks monetary and declaratory relief. *Id.* at p. 11-12.

20        Defendants request summary judgment on the basis of lack of personal participation,

21   failure to allege a valid Eighth Amendment claim, and qualified immunity. Dkt. 21. Plaintiff has

22

23   [1] This motion is brought by defendants Scott Edwards, Ron Haynes, Jerry McHaffie, Kenneth McKenney, and
     Glenda Watson. The Court previously dismissed defendants Department of Corrections, Brian Bowers, and Robert
24   Monger from this action. Dkts. 24-25.

25

1   not responded to defendants' summary judgment motion.

2       The Court should grant defendants' motion. Plaintiff has failed to show defendants Ron

3   Haynes, Kenneth McKenney, and Scott Edwards personally participated in the harm alleged.

4   Defendants are entitled to qualified immunity on plaintiff's claim for damages. Plaintiff also has

5   not come forth with sufficient evidence to show that defendants were deliberately indifferent to

6   his health and safety in relation to his claim for declaratory relief, or that they negligently failed

7   to protect him.

8                                FACTUAL BACKGROUND

9       The Department of Corrections (DOC) food services program supplies food to all DOC

10  inmates. Dkt. 22, Declaration of Jerry McHaffie (McHaffie Decl.), p. 1. According to Jerry

11  McHaffie, DOC Food Service Manager at Clallam Bay Corrections Center, menus for DOC

12  inmates are created by the food services program. *Id.* The defendants assert that under DOC

13  policy, meals for male inmates are planned to provide between 2,700 and 3,000 calories per day.

14  *Id.* at p. 2, Exhibit 1 (Guidelines for Mainline Meals).

15      The majority of that food supplied to the food services program is manufactured at two

16  DOC facilities: Coyote Ridge Corrections Center and the Airway Heights Corrections Center

17  (AHCC). *Id.* at p. 2. The food manufactured at AHCC consists mainly of bread based and baked

18  food items. *Id.*

19      On May 18, 2017, the office of DOC Secretary Stephen Sinclair informed all DOC staff

20  of a potential food contamination issue at AHCC. Dkt. 8, Complaint, p. 14. At the time, plaintiff

21  was an inmate at the Clallam Bay Corrections Center (CBCC). *Id.* at p. 6.

22      Defendants assert that CBCC staff pulled all potentially contaminated food items almost

23  immediately; they substituted certain other non-contaminated food items for many of the pulled

24

25

REPORT AND RECOMMENDATION - 2

food items. Dkt. 22, McHaffie Decl., p. 2. CBCC staff also obtained additional food items from outside suppliers. *Id.* at p. 3. If CBCC staff were unable to provide a substitute food item, they doubled portions of main menu food items to ensure adequate calorie intake. Dkt. 22, p. 3.

Defendants assert that CBCC staff had to double portions through the first three days following the recall, which ended on May 22, 2017. *Id.* If CBCC did not have a specific baked good item list on the menu, a different item was used in an equivalent amount. *Id.* After approximately one month CBCC returned to its normal menu. *Id*. at p. 4.

Plaintiff alleges that between May 18, 2017 when baked goods were not available from AHCC, and July 14, 2017, the CBCC staff failed to provide inmates a sufficient amount of food or calories – he contends this was the equivalent of only two meals per day. Dkt. 8, pp. 5-11, 17-19, 21. Plaintiff alleges CBCC staff made no attempt to remedy the situation. *Id.* at pp. 8-11. As a result, plaintiff alleges he experienced dizziness, weakness, weight loss, lack of energy, stomach pains, and depression. *Id.* at pp. 8-9, 26, 34-37, 40-41.

<u>DISCUSSION</u>

Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure ("FRCP") 56(c); *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001). When deciding whether summary judgment should be granted, the district court must view the evidence and draw all inferences "in the light most favorable to the nonmoving party." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987).

The moving party has "the burden of establishing the basis for its motion and identifying evidence that demonstrates the absence of a genuine issue of material fact." *Davis v. United*

*States*, 854 F.3d 594, 598 (9th Cir. 2017). If the moving party meets its burden, the nonmoving party may not rest on the allegations or denials of his or her pleading, but must by affidavits or as otherwise provided in FRCP 56, set forth specific facts showing there is a genuine issue for trial. FRCP 56(e)(2). If the nonmoving party does not do so, summary judgment, if appropriate, will be rendered against that party. *Id.*; *Hernandez v. Spacelabs Medical Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

The moving party must establish the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). To demonstrate a genuine issue of material fact, the nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]he record taken as a whole" must be sufficient to "lead a rational trier of fact to find for the nonmoving party." *Ricci v. DeStafano*, 557 U.S. 557, 586 (2009).

Mere disagreement or bald assertion that a genuine issue of material fact exists thus does not preclude summary judgment. *California Architectural Building Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). Rather, the nonmoving party "must produce at least some 'significant probative evidence tending to support the complaint.'" *T.W. Electrical Serv.*, 809 F.2d at 630 (quoting *Anderson*, 477 U.S. at 290).

To state a § 1983 claim, a plaintiff must: (1) allege his or her federal constitutional or statutory rights were violated, and (2) show a person acting under color of state law deprived him or her of those rights. *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both elements are present. *Stein v. Ryan*, 662 F.3d 1114 (9th Cir. 2011).

1  I.    *Lack of Personal Participation*

2      Defendants argue plaintiff has produced insufficient evidence to show defendants CUS

3  Kenneth McKenney, Scott Edwards, and CBCC Superintendent Ron Haynes, caused the harm

4  alleged.

5      To establish § 1983 liability, plaintiff must show defendants personally participated in the

6  alleged constitutional harm. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must

7  allege defendants, through their own individual actions, violated his rights. *OSU Student Alliance*

8  *v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012). Personal participation requires an affirmative act on

9  defendant's part, participation in another's affirmative act, or failure to perform an act that the

10  defendant is legally required to do. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

11      In this case, plaintiff alleges he "kited" each of these named defendants on May 21, 2017,

12  informing them about the food shortage and requesting that they remedy the situation. Dkt. 8, p.

13  7. But the "offender's kites" plaintiff attaches to his complaint fail to show any of those

14  defendants actually received or were aware of the kites. *Id.* at pp. 17-21. When kites were

15  responded to, they were responded to by someone with initials "DLR".[9] *Id.*

16      Plaintiff's claim against defendant Haynes on the basis of his authority as CBCC

17  Superintendent, Dkt. 8, p. 8, also is insufficiently supported. A supervising official may be liable

18  under § 1983 only if he or she "was personally involved in the constitutional deprivation," or "a

19  sufficient causal connection exists 'between the supervisor's wrongful conduct and the

20  constitutional violation.'" *Felarca v. Birgeneau*, 891 F.3d 809, 819-20 (9th Cir. 2018) (quoting

21  *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)).

22

23

24

---

[9] Plaintiff also alleges defendant McKenney passed out a flyer on May 18, 2017, notifying inmates of the recall. Dkt. 8, p. 7. Plaintiff does not allege or show how this harmed him.

25

REPORT AND RECOMMENDATION - 5

1   The "requisite causal connection" can be established by the official either "setting in

2   motion a series of acts by others," or "knowingly refusing to terminate a series of acts by others,

3   which the supervisor knew or reasonably should have known would cause others to inflict a

4   constitutional injury." *Id.* at 820 (quoting *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011)).

5   Plaintiff has produced no evidence to establish that defendant Haynes was personally involved in

6   denying plaintiff an adequate amount of food or that he knew or reasonably should have known

7   such was occurring.

8       The Court should grant summary judgment to defendants Haynes, McKenney, and

9   Edwards based on lack of personal participation.

10  II.   *Defendants Are Entitled to Qualified Immunity on Plaintiff's Damages Claim*

11      Qualified immunity protects officials from civil damages liability, unless the plaintiff can

12  show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was

13  'clearly established' at the time of the challenged conduct." *Wood v. Moss*, 572 U.S. 744, 757

14  (2014). Courts may address these two prongs of the qualified immunity analysis "in whichever

15  order would expedite resolution of the case." *Morales v. Fry*, 873 F.3d 817, 822 (9th Cir. 2017)

16  (citing *Pearson v. Callahan*, 555 U.S. 223, 236-39 (2009)).

17      "Whether a right is clearly established turns on the 'objective legal reasonableness of the

18  action, assessed in light of the legal rules that were clearly established at the time it was taken.'"

19  *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010) (quoting *Pearson*, 555

20  U.S. at 244). "If the law did not put the [official] on notice that his conduct would be clearly

21  unlawful, summary judgment based on qualified immunity is appropriate." *Saucier v. Katz*, 533

22  U.S. 194, 202 (2001).

23      Defendants' behavior need not previously have been declared unconstitutional. *Nelson v.*

24

25

REPORT AND RECOMMENDATION - 6

1   *City of Davis*, 685 F.3d 867, 884 (9th Cir. 2012). But "'existing precedent must have placed the

2   statutory or constitutional question *beyond debate*,' such that 'every' reasonable official – not

3   just 'a' reasonable official – would have understood that he was violating a clearly established

4   right. *Morales*, 873 F.3d at 823 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011))

5   (emphasis added by court of appeals).

6           Courts should not define "clearly established" law at "a high level of generality." *Id.*

7   (quoting *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015)). "[T]he 'dispositive question' is 'whether

8   the violative nature of *particular* conduct is clearly established.'" *Id.* (emphasis in the original).

9           Plaintiff has not shown that the CBCC officials' decision to substitute other food items

10  for the potentially contaminated ones in an equivalent amount – or double the portions of main

11  food times when no substitutes were available to ensure adequate calorie intake – clearly violates

12  his right to receive adequate food.

13          The Eighth Amendment requires prison food that is "adequate to maintain health."

14  *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1259 (9th Cir. 2016) (quoting *Foster v. Runnels*,

15  554 F.3d 807, 813 n.2 (9th Cir. 2009)). The "repeated and unjustified failure" to provide

16  "adequate sustenance" is a "sufficiently serious" deprivation of "the minimal civilized measure

17  of life's necessities." *Id.* (quoting *Foster*, 554 F.3d at 814).

18          The United States Court of Appeals for the Ninth Circuit has held that the denial of 16

19  meals over 23 days combined with the inmate's allegations of dizziness, weight loss, and

20  headaches, supported the inference that the inmate's nutrition was inadequate to support his

21  health. *Foster*, 554 F.3d at 813 and n.2.

22          Taken in the light most favorable to the plaintiff, the facts do not show that there would

23  be any constitutional violation under clearly established law. Plaintiff claims he was denied the

24

25

REPORT AND RECOMMENDATION - 7

1   equivalent of a meal a day for a period of nearly two months. But unlike in *Foster*, plaintiff has

2   produced no evidence – other than the allegations in his complaint – to support this claim. *See*

3   *Mendiola-Martinez*, 836 F.3d at 1259 (inmate lacked sufficient evidence to survive summary

4   judgment by failing to provide any evidence that the diet she received was inadequate). Plaintiff

5   offers nothing to rebut defendant McHaffie's declaration that DOC brought in food that supplied

6   sufficient calories to substitute for the contaminated food that was removed – this evidence

7   supports defendants' assertion that inmates were given food items that were sustenance sufficient

8   to maintain health.[10] Dkt. 22, Declaration of Jerry McHaffie, p. 3, Exhibit 1.

9           Accordingly, the Court should find there is no genuine dispute of material fact

10  concerning qualified immunity; there was no clearly established law that would have put

11  defendants on notice that there would be any constitutional issue when substituting one type of

12  food for another, where the calories are still sufficient sustenance to maintain health. Therefore,

13  the defendants are entitled to qualified immunity from plaintiff's claim for damages.

14  III.     *Defendants Were Not Deliberately Indifferent to Plaintiff's Health or Safety*

15          In addition to his claim for damages, plaintiff also seeks declaratory relief. Qualified

16  immunity is not available for actions for declaratory relief. *Los Angeles Police Protective League*

17  *v. Gates*, 995 F.2d 1469, 1472 (9th Cir. 1993).

18          The Eighth Amendment requires that prison officials "provide humane conditions of

19  confinement." *Foster*, 554 F.3d at 812 (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

20  To establish an Eighth Amendment conditions of confinement claim "requires a two-part

21

22  [10] Plaintiff has not produced evidence to support his allegation of a deterioration in his health because of rapid
    weight loss from allegedly inadequate food. Plaintiff's weight fluctuated between the months of February and June

23  2017. In February 2017 plaintiff weighed 227 pounds, in late April 2017 he weighed 241, and in late June 2017 he
    weighed 220 pounds. Dkt. 8, p. 30. DOC medical providers informed plaintiff in early June 2017 that he was

24  overweight (*id.* at p. 34), and later that month that a healthy weight for him was between 160 and 216 pounds. *Id.* at
    p. 32.

25

REPORT AND RECOMMENDATION - 8

showing." *Id.*

First, an inmate must make an "objective" showing that he was deprived of "the minimal civilized measure of life's necessities." *Id.* (quoting *Farmer*, 511 U.S. at 834). Second, the inmate must make a "subjective" showing that this "deprivation occurred with deliberate indifference to the inmate's health or safety." *Id.*

Under the Eighth Amendment, prison food must be "adequate to maintain health." *Foster*, *supra* at 813 (quoting *LeMaire*¸ 12 F.3d at 1456). A "repeated and unjustified failure" to provide adequate food can constitute a "sufficiently serious" deprivation in violation of the Eighth Amendment. *Mendiola-Martinez*, 836 F.3d at 1259 (quoting *Foster*, 554 F.3d at 814).

As discussed in Section II, Plaintiff has produced no evidence to support his claims that he was denied sufficient food to support health. Reviewed in the light most favorable to the plaintiff as the non-moving party, this Court should hold that there is no genuine dispute of material facts concerning this Eighth Amendment claim. Plaintiff asserts that he was denied the equivalent of a meal a day for a period of nearly two months, yet he failed to produce evidence that would support these allegations. *Mendiola-Martinez*, 836 F.3d at 1259 (inmate lacked sufficient evidence to survive summary judgment by providing no evidence that her diet was inadequate). And plaintiff fails to produce evidence that his health deteriorated as a result of the allegedly inadequate amount of food. Plaintiff thus has not objectively shown a deprivation of the minimal civilized measure of life's necessities.

Plaintiff also fails to produce evidence supporting the second subjective showing that defendants were deliberately indifferent to his health or safety. As discussed in Section I above, plaintiff has failed to demonstrate that defendants Haynes, McKenney, or Edwards were aware that food provided to the plaintiff was inadequate to maintain his health. Likewise, plaintiff has

1  not produced any evidence to establish that defendants Jerry McHaffie or Glenda Watson were

2  aware that the amount of food plaintiff was receiving between May 18, 2017 and July 14, 2017

3  was inadequate.

4       Accordingly, the Court should find there is no genuine dispute of material facts; plaintiff

5  has produced no evidence that defendants were deliberately indifferent to his health or safety.

6    IV.   *Plaintiff Has Failed to Show a Negligent Failure to Protect*

7       The district court has discretion to retain jurisdiction over state law claims. *Brady v.*

8  *Brown*, 51 F.3d 810, 816 (9th Cir. 1995). Jurisdiction exists when the federal and state law

9  claims are "sufficiently substantial to confer federal jurisdiction," and "a common nucleus of

10  operative fact" exists between the claims. *Id.* The federal claims must be "absolutely devoid of

11  merit or obviously frivolous" to divest the district court of pendent jurisdiction. *Id.* The decision

12  to retain jurisdiction over pendent claims is within the district court's discretion, and factors of

13  economy, convenience, fairness, and comity are considered in making this determination. *Id.* The

14  Supreme Court has stated that "if the federal claims are dismissed before trial, even though not

15  insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine*

16  *Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966).

17       In addition to his federal claims, plaintiff asserts a state law claim of negligent failure to

18  protect. Dkt. 8, p. 11. As discussed above, plaintiff's federal and state law claims are not

19  substantial. Yet issues of economy, convenience, fairness, and comity may weigh in favor of

20  retaining jurisdiction over the state law claims. If the Court decides to retain jurisdiction over the

21  state law claims, the Court should hold that there is no genuine dispute of material fact as to the

22  negligence allegations under state law.

23       To establish an action for negligence, the plaintiff must demonstrate: (1) the existence of

24

25

REPORT AND RECOMMENDATION - 10

a duty owed to the plaintiff; (2) a breach of that duty; (3) a resulting injury; and (4) a proximate cause between the injury and the breach. *Hutchins v. 1001 Fourth Ave. Assoc.*, 116 Wn.2d 217, 220 (1991). Plaintiff has not produced any evidence that defendants breached any duty with respect to the meals provided in prison. Rather, when reviewed in the light most favorable to the plaintiff, the evidence shows plaintiff was given food in an amount sufficient to maintain adequate calories to sustain health during the period of the recall. Dkt. 22, Declaration of Jerry McHaffie, p. 3, Exhibit 1.

Accordingly, the Court should find there is no genuine dispute of material facts regarding plaintiff's negligence claims under state law, and plaintiff has failed establish any of the elements of that cause of action.

<u>RECOMMENDATION</u>

Plaintiff has failed to demonstrate any genuine dispute of material facts concerning his Eighth Amendment claim or state law negligence claim. Defendants also are entitled to qualified immunity on plaintiff's claims for damages. The Court, therefore, should GRANT defendants' motion for summary judgment (Dkt. 21) and DISMISS plaintiff's amended complaint (Dkt. 8) with prejudice.

If the Court adopts this Report and Recommendation, leave to proceed in forma pauperis for purposes of appeal may be denied if the appeal is frivolous or taken in bad faith. *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002); 28 U.S.C. § 1915(a)(3). The Court should deny such leave. Plaintiff has produced no evidence to support his claims, and therefore any appeal of the Court's order adopting the Report and Recommendation would be frivolous or taken in bad faith.

The parties have **fourteen (14) days** from service of this Report and Recommendation to

file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **January 25, 2019**, as noted in the caption.

Dated this 7th day of January, 2019.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12